# UNITED STATES COURT OF FEDERAL CLAIMS

CALIFORNIA OREGON BROADCASTING, INC.,

Plaintiff,

vs.

UNITED STATES OF AMERICA,

Defendant.

No. 06-116 C

COMPLAINT

FILED
FEB 17 2006
U.S. COURT OF FEDERAL CLAIMS

## COMPLAINT

Plaintiff California Oregon Broadcasting, Inc. ("COBi") hereby alleges as follows:

## JURISDICTION

1. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1491.

## PARTIES

2. COBi is a corporation in the business of television broadcasting, cable television, and communication site management. COBi currently leases property under a written contract with the National Park Service.

3. Defendant is the United States of America.

## FACTUAL BACKGROUND

4. On October 23, 1970, Sacramento Valley Television, Inc. ("SVTi") entered into an agreement (the "Lease Agreement") with Lois E. Tracy, Mary Margaret Schmidbauer, and William G. Crawford, under which SVTi leased certain land from Ms. Tracy.



243612.1

5. The initial term of the Lease Agreement was from August 1, 1970 until July 31, 2006.

6. Paragraph 10 of the Lease Agreement provided that at expiration, "Lessee shall have the first right, privilege and option to renew this Lease for a period of fifty (50) years at a rental to be fixed by agreement between said parties and/or their successors in interest. Within ninety (90) days prior to the expiration of said Lease, Lessee shall notify Lessor, in writing, of its election to exercise its option to extend said Lease for the additional term, and shall notify Lessor of the rental which it is willing to pay for said extended term."

7. In or about December 1970, the National Park Service acquired ownership rights in the property that SVTi leased pursuant to the Lease Agreement. The acquisition was made subject to the Lease Agreement.

8. Thereafter, COBi succeeded to SVTi's interest in the leasehold and the Lease Agreement.

9. At present, COBi manages the site and uses part of the property for its own communications-related functions. In addition, COBi rents the property to various radio and television stations, cellular companies, and other communications-related entities (together, "the Users"). COBi receives annual rents from the Users. For the current year, COBi is scheduled to receive rents from the Users totaling approximately $140,000.

10. On October 10, 2005, COBi notified the National Park Service in writing that it intended to exercise its option to renew its lease of the property at issue. COBi proposed an annual rent beginning on September 1, 2006 of $12,538.66 to be adjusted annually using the Consumer Price Index.

11. On November 1, 2005, the National Park Service notified COBi in writing that it would not allow COBi to renew the lease. Specifically, the National Park Service stated that "[u]nder applicable law and policy, the NPS cannot offer any party, including COBi, the opportunity to lease the area on Shasta Bally."

**COUNT 1 – Breach of Contract**

12. Plaintiff COBi hereby incorporates paragraphs 1 through 11, inclusive, of this Complaint.

13. Pursuant to the terms of the Lease Agreement, COBi has a unilateral right to extend the lease for a period of fifty years. COBi took steps necessary to timely exercise that right.

14. By refusing to recognize COBi's right to exercise its option to extend the lease and by refusing to negotiate the rental amount to be charged under the option term of the lease, the National Park Service is in anticipatory repudiation of the Lease Agreement.

15. By virtue of the National Park Service's anticipatory breach of the terms of the Lease Agreement, COBi has been damaged in an amount to be proven at trial but which is in excess of $1,000,000.

**COUNT 2 – Declaratory Relief**

16. Plaintiff COBi hereby incorporates paragraphs 1-15, inclusive, of this Complaint.

17. A controversy exists between COBi and the United States regarding whether COBi has a unilateral right to extend its lease with the National Park Service.

18. COBi is entitled to a declaration from this Court that, under the terms of the Lease Agreement, COBi has a unilateral right to extend its lease with the National

Park Service for a period of fifty years at a rental to be fixed pursuant to the procedures described in paragraph 10 of the Lease Agreement.

19. COBi is entitled to a declaration from this Court that, under the terms of the Lease Agreement, the National Park Service is required to negotiate in good faith with COBi regarding the rental amount to be charged during the option term of the lease.

WHEREFORE, plaintiff COBi prays:

a) For damages on account of the United States' breach of contract in an amount to be proven at trial but which is in excess of $1,000,000;

b) For this Court's declaration and judgment that COBi has the unilateral right to extend its lease with the National Park Service for a period of fifty years at a rental to be fixed pursuant to the procedures described in paragraph 10 of the Lease Agreement;

c) For this Court's declaration and judgment that, under the terms of the Lease Agreement, the National Park Service is required to negotiate in good faith with COBi regarding the rental amount to be charged during the option term of the lease; and

d) For such other relief as the Court deems just and proper.

Dated: February 16, 2006

Respectfully submitted,

NEIL H. O'DONNELL
ROGERS JOSEPH O'DONNELL & PHILLIPS
311 California Street
San Francisco, CA 94104
Tel: (415) 956-2828
Fax (415) 956-6457

Attorneys for Plaintiff California Oregon Broadcasting, Inc.

OF COUNSEL:

Mark A. Kahn
ROGERS JOSEPH O'DONNELL & PHILLIPS
311 California Street
San Francisco, CA 94104
Tele. (415) 956-2828
Fax (415) 956-6457