# UNITED STATES COURT OF FEDERAL CLAIMS

**CALIFORNIA OREGON BROADCASTING, INC.,**

**Plaintiff,**

vs.

**UNITED STATES OF AMERICA,**

**Defendant.**

**No. 06-CV-00116-NBF**

**Plaintiff California Oregon Broadcasting, Inc.'s Proposed Findings of Uncontroverted Facts in Support of Motion for Partial Summary Judgment As to Liability**

**ELECTRONICALLY FILED: 5/15/06**

Pursuant to Rule 56(h)(1) of the Rules of the Court of Federal Claims, Plaintiff California Oregon Broadcasting, Inc. ("COBi") hereby submits the following proposed findings of uncontroverted facts in support of its motion for partial summary judgment:

1. On August 11, 1955, Frank and Vivian Crawford ("the Crawfords") entered into an option relating to certain real property ("Shasta Bally") located near Redding, California, with a group of individuals who, shortly thereafter, assigned their rights to Shasta Telecasting Corporation ("Shasta Telecasting"). Shasta Telecasting occupied the property pursuant to the terms of the option. (Declaration of Patricia Smullin ("Smullin Decl."), Exhibit 1).

2. On August 1, 1960, the Crawfords and Shasta Telecasting entered into a formal lease agreement to govern the terms of Shasta Telecasting's continued use of the premises. (Smullin Decl., Exhibit 1.)

3. Paragraph 13 of the agreement provided the lessee with the following option:

At the expiration of the term hereof, Lessee shall have the first

> right, privilege and option to renew this lease for a period of fifty (50) years at a rental to be fixed by agreement between said parties and/or their successors in interest, within ninety (90) days from the expiration of the term hereof, or by arbitration. In the event that arbitration shall be required, Lessors shall appoint one arbiter and Lessee shall appoint one arbiter, and if said arbiters cannot agree, then they shall jointly appoint a third arbiter, in which event the decision of a majority of the arbiters shall be conclusive upon Lessors and Lessee.

(Smullin Decl., Exhibit 1).

4. On October 23, 1970, Sacramento Valley Television, Inc. ("SVTI") agreed to a new lease with Lois E. Tracy (who had succeeded to the Crawford's (her parents) interest in the land). (Smullin Decl., ¶ 3 and Exhibit 2).

5. The Lease Agreement specified that the initial term would be from August 1, 1970 (retroactively) through July 31, 2006. (Smullin Decl., Exhibit 2).

6. Paragraph 10, entitled "Option," sets forth the terms under which the lessee could extend the lease for an additional 50 years:

> 10. <u>OPTION</u>. At the expiration of the term hereof, Lessee shall have the first right, privilege and option to renew this Lease for a period of fifty (50) years at a rental to be fixed by agreement between said parties and/or their successors in interest. Within ninety (90) days prior to the expiration of said Lease, Lessee shall notify Lessor, in writing, of its election to exercise its option to extend said Lease for the additional term, and shall notify Lessor of the rental which it is willing to pay for said extended term. If said rental is not acceptable to Lessor or her successors or assigns, then within thirty-five (35) days after the receipt of such written notice, the amount of rental shall be submitted to arbitration. Lessor shall appoint one arbitrator and Lessee shall appoint one arbitrator, and if said arbitrators can not agree, then they shall jointly appoint a third arbitrator, in which event the decision of a majority of the arbitrators shall be conclusive upon Lessor and Lessee and shall be rendered and determined prior to August 1, 2006. The cost of such arbitration shall be borne equally by Lessor and Lessee.

(Smullin Decl., Exhibit 2).

7. In December 1970, NPS acquired from Ms. Tracy and her siblings (Messrs. Schmidbauer and Crawford) ownership rights in certain property, including the property that is the subject of the Lease Agreement. (Smullin Decl., ¶ 4, Exhibit 3).

8. NPS succeeded to Ms. Tracy's rights and obligations set forth in the Lease Agreement and NPS's acquisition was expressly made subject to the terms of that agreement. (Smullin Decl., Exhibit 3).

9. In 1986, SVTI was liquidated and its assets (including its interests in the lease) were distributed to its parent, COBi. (Smullin Decl., ¶ 5).

10. On October 10, 2005, COBi notified NPS in writing that it would be "exercis[ing] its option to renew its mountaintop lease of Shasta Bally for an additional 50-year term." (Smullin Decl., Exhibit 4).

11. In the letter, COBi proposed that the annual rent for the property be $12,538.66 for the first year of the option term, subject to annual adjustment with reference to the Consumer Price Index. (Smullin Decl., Exhibit 4).

12. In a letter dated November 1, 2005, NPS refused to acknowledge COBi's exercise of its option to extend the lease. Specifically, NPS stated that "[t]he National Park Service ('NPS') cannot offer COBi a lease renewal." NPS went on to declare as follows:

> Under applicable law and policy, the NPS cannot offer any party, including COBi, the opportunity to lease the area on Shasta Bally. Applicable NPS law and policy provides that he only means for authorizing use of NPS lands for communications facilities is an NPS right-of-way permit and that all types of authorizations previously issued for communications facilities will be converted to NPS right-of-way permits as those authorizations expire.

(Smullin Decl., Exhibit 5).

13. On November 10, 2005, COBi and NPS met in person to discuss the issue of the lease option. At the meeting, NPS informed COBi that it would discuss COBi's position regarding the lease option further and then respond to COBi. (Smullin Decl., ¶ 8).

14. On December 2, 2005, NPS provided the response that it promised coming out of the November 10 meeting. In the letter, as set forth below, NPS adhered to its claim that it would not recognize COBi's decision to exercise its lease option:

> We write now to reconfirm the position that we stated in our letter to you dated November 1, 2005 and that we further explained during our meeting on November 10, 2005. We do not agree with your legal conclusion regarding paragraph 10 of the lease. Under applicable California law, a term providing for "first right, privilege and option to renew" such as that contained in paragraph 10, does not provide a lessee with an absolute and exclusive right to renew a lease. Rather, paragraph 10 only grants a conditional right of first refusal if the landlord is willing to lease the premises again and does not wish to make any use of the property inconsistent with a future lease.
>
> We also write to reconfirm that under applicable law and policy, the NPS cannot offer COBi or any other party a lease for the area on Shasta Bally for communication purposes…If COBi wishes to continue operations on Shasta Bally beyond the expiration of the current lease, it will need to agree to begin the process for issuance of a right-of-way permit soon in order to avoid interruption of operations.

(Smullin Decl., Exhibit 6).

Dated: May 15, 2006

Respectfully submitted,

_s/Neil H. O'Donnell by s/Mark A. Kahn_

NEIL H. O'DONNELL
ROGERS JOSEPH O'DONNELL & PHILLIPS
311 California Street
San Francisco, CA 94104
Tele. (415) 956-2828
Fax (415) 956-6457

Attorneys for Plaintiff California Oregon Broadcasting, Inc.

OF COUNSEL:

Mark A. Kahn
ROGERS JOSEPH O'DONNELL & PHILLIPS
311 California Street
San Francisco, CA 94104
Tele. (415) 956-2828
Fax (415) 956-6457

CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of May, 2006, a copy of the foregoing " Plaintiff California Oregon Broadcasting, Inc.'s Proposed Findings of Uncontroverted Facts in Support of Motion for Partial Summary Judgment As to Liability" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Mark A. Kahn_________