IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CALIFORNIA OREGON BROADCASTING, INC., Plaintiff, | ) | No. 06-116 |
| vs. | ) | (Judge Firestone) |
| UNITED STATES OF AMERICA, Defendant. | ) | |

DEFENDANT'S RESPONSE TO PLAINTIFF'S PROPOSED FINDINGS OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO LIABILITY

Pursuant to Rule 56(h)(2) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant respectfully responds to plaintiff's proposed findings of uncontroverted facts submitted with Plaintiff's Motion For Partial Summary Judgment As To Liability ("COBI's motion") on May 15, 2006.

Proposed Finding:

1. On August 11, 1955, Frank and Vivian Crawford ("the Crawfords") entered into an option relating to certain real property ("Shasta Bally") located near Redding, California, with a group of individuals who, shortly thereafter, assigned their rights to Shasta Telecasting Corporation ("Shasta Telecasting"). Shasta Telecasting occupied the property pursuant to the terms of the option. (Declaration of Patricia Smullin ("Smullin Decl."), Exhibit 1).

Response:

Disputed. Plaintiff's characterization of the lease provision as an "option" is misleading. The issue of whether the provision is a unilateral option or conditional right of first refusal is a

legal issue to be decided by this Court.

Proposed Finding:

2. On August 1, 1960, the Crawfords and Shasta Telecasting entered into a formal lease agreement to govern the terms of Shasta Telecasting's continued use of the premises. (Smullin Decl., Exhibit 1.)

Response:

Disputed. The document cited is the best evidence of its contents and speaks for itself. Moreover, defendant notes that this statement refers to a prior lease that is neither relevant nor at issue in the current dispute.

Proposed Finding:

3. Paragraph 12 of the agreement provided the lessee with the following option:

> At the expiration of the term hereof, Lessee shall have the first right, privilege and option to renew this lease for a period of fifty (50) years at a rental to be fixed by agreement between said parties and/or their successors in interest, within ninety (90) days from the expiration of the term hereof, or by arbitration. In the event that arbitration shall be required, Lessors shall appoint one arbiter and Lessee shall appoint one arbiter, and if said arbiters cannot agree, then they shall jointly appoint a third arbiter, in which event the decision of a majority of the arbiters shall be conclusive upon Lessors and Lessee.

(Smullin Decl., Exhibit 1).

Response:

Disputed. Plaintiff's characterization of the quoted paragraph as an option is misleading. Whether the cited language is a unilateral option or a conditional right of first refusal is a legal question. Moreover, defendant notes that this statement refers to a prior lease that is neither

relevant nor at issue in the current dispute.

Proposed Finding:

4. On October 23, 1970, Sacramento Valley Television, Inc. ("SVTI") agreed to a new lease with Lois E. Tracy (who had succeeded to the Crawford's (her parents) interest in the land). (Smullin Decl., ¶ 3 and Exhibit 2).

Response:

Undisputed that SVTI entered into a lease with Lois E. Tracy on October 23, 1970, and that the lease is the best evidence of its contents and speaks for itself.

Proposed Finding:

5. The Lease Agreement specified that the initial term would be from August 1, 1970 (retroactively) through July 31, 2006. (Smullin Decl., Exhibit 2).

Response:

Undisputed.

Proposed Finding:

6. Paragraph 10, entitled "Option," sets forth the terms under which the lessee could extend the lease for an additional 50 years:

> 10. OPTION. At the expiration of the term hereof, Lessee shall have the first right, privilege and option to renew this Lease for a period of fifty (50) years at a rental to be fixed by agreement between said parties and/or their successors in interest. Within ninety (90) days prior to the expiration of said Lease, Lessee shall notify Lessor, in writing, of its election to exercise its option to extend said Lease for the additional term, and shall notify Lessor of the rental which it is willing to pay for said extended term. If said rental is not acceptable to Lessor or her successors or assigns, then within thirty-five (35) days aft the amount of rental shall be submitted to arbitration. Lessor shall appoint one arbitrator and Lessee shall appoint one arbitrator, and if said arbitrators can not agree, then they shall jointly

appoint a third arbitrator, in which event the decision of a majority of the arbitrators shall be conclusive upon Lessor and Lessee and shall be rendered and determined prior to August 1, 2006. The cost of such arbitration shall be borne equally by Lessor and Lessee.

(Smullin Decl., Exhibit 2).

Response:

Disputed. Paragraph 10 sets forth the terms under which the lessee could extend the lease conditioned upon the lessor deciding first that it wants to continue to lease the area after the initial lease term.

Proposed Finding:

7. In December 1970, NPS acquired from Ms. Tracy and her siblings (Messrs. Schmidbauer and Crawford) ownership rights in certain property, including the property that is the subject of the Lease Agreement. (Smullin Decl. ¶ 4, Exhibit 3).

Response:

Undisputed.

Proposed Finding:

8. NPS succeeded to Ms. Tracy's rights and obligations set forth in the Lease Agreement and NPS's acquisition was expressly made subject to the terms of that agreement. (Smullin Decl. Exhibit 3).

Response:

Disputed. The document cited is the best evidence of its contents and speaks for itself. Moreover, the warranty deed stated that it was subject "to the rights of Sacramento Valley Television, Incorporated, as contained in the Lease from Grantors . . . ."

Proposed Finding:

9. In 1986, SVTI was liquidated and its assets (including its interests in the lease) were distributed to its parent, COBI (Smullin Decl. ¶ 5).

Response:

Undisputed.

Proposed Finding:

10. On October 10, 2005, COBI notified NPS in writing that it would be "exercis[ing] its option to renew its mountaintop lease of Shasta Bally for an additional 50-year term." (Smullin Decl., Exhibit 4).

Response:

Undisputed.

Proposed Finding:

11. In the letter, COBI proposed that the annual rent for the property be $12,538.66 for the first year of the option term, subject to annual adjustment with reference to the Consumer Price Index. (Smullin Decl., Exhibit 4).

Response:

Undisputed.

Proposed Finding:

12. In a letter dated November 1, 2005, NPS refused to acknowledge COBI's exercise of its option to extend the lease. Specifically, NPS stated that "[t]he National Park Service ('NPS') cannot offer COBI a lease renewal." NPS went on to declare as follows:

> Under applicable law and policy, the NPS cannot offer any party,

> including COBI, the opportunity to lease the area on Shasta Bally. Applicable NPS law and policy provides that the only means for authorizing use of NPS lands for communications facilities is an NPS right-of-way permit and that all types of authorizations previously issued for communications facilities will be converted to NPS right-of-way permits as those authorizations expire.

(Smulllin Decl., Exhibit 5).

Response:

Disputed. The plain language of the lease does not provide COBI a unilateral option to extend the lease.

Proposed Finding:

13. On November 10, 2005, COBI and NPS met in person to discuss the issue of the lease option. At the meeting, NPS informed COBI that it would discuss COBI's position regarding the lease option further and then respond to COBI. (Smullin Decl., ¶ 8).

Response:

Disputed. Plaintiff's characterization of the lease provision as an "option" is misleading. The issue of whether the provision is a unilateral option or conditional right of first refusal is a legal issue to be decided by this Court.

Proposed Finding:

14. On December 2, 2005, NPS provided the response that it promised coming out of the November 10 meeting. In the letter, as set forth below, NPS adhered to its claim that it would not recognize COBI's decision to exercise its lease option:

> We write now to reconfirm the position that we stated in our letter to you dated November 1, 2005 and that we further explained during our meeting on November 10, 2005. We do not agree with your legal conclusion regarding paragraph 10 of the lease. Under

> applicable California law, a term providing for "first right, privilege and option to renew" such as that contained in paragraph 10, does not provide a lessee with an absolute and exclusive right to renew a lease. Rather, paragraph 10 only grants a conditional right of first refusal if the landlord is willing to lease the premises again and does not wish to make any use of the property inconsistent with a future lease.
> We also write to reconfirm that under applicable law and policy, the NPS cannot offer COBI or any other party a lease for the area on Shasta Bally for communication purposes . . . If COBI wishes to continue operations on Shasta Bally beyond the expiration of the current lease, it will need to agree to begin the process for issuance fo a right-of-way permit soon in order to avoid interruption of operations.

(Smullin Decl., Exhibit 6).

Response:

Disputed. The plain language of the lease does not provide COBI a unilateral option to extend the lease.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Mark A. Melnick
MARK A. MELNICK
Assistant Director

OF COUNSEL:

PAULA LEE
Office of the Solicitor
Department of the Interior
Pacific Southwest Region
1111 Jackson Street, Ste. 735
Oakland, California 94607

s/Marla T. Conneely
MARLA T. CONNEELY
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street
Washington, D.C. 20530
tel: (202) 307-1011
fax: (202) 307-0972

June 20, 2006

Attorneys for Defendant