IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CALIFORNIA OREGON BROADCASTING, INC., | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 06-116 (Judge Firestone) |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACT

Pursuant to Rule 56(h) of the Rules of the United States Court of Federal Claims, defendant, the United States, respectfully submits the following proposed findings of uncontroverted fact in support of its motion for summary judgment.[1]

1. In October 1970, Sacramento Valley Television, Inc. ("SVTI") entered into a lease with several individuals under which SVTI leased certain land from Lois Tracy. Compl. ¶ 4.

2. The lease is due to expire on July 31, 2006. Compl. ¶ 5.

3. The United States acquired the land at the summit in or about December 1970, subject to the lease. Compl. ¶ 7.

4. NPS was not an original party to the lease nor was it involved in drafting or

[1] For purposes of the Government's motion only, the Government accepts as true the factual allegations set forth in the complaint that are cited in Defendant's Proposed Findings of Uncontroverted Fact. The Government expressly reserves the right to dispute any factual allegation set forth in the complaint, including, without limitation, those cited herein, if this matter is not resolved by the parties' pending cross-motions.

negotiating its terms.

5. COBI eventually succeeded SVTI's interest in the leasehold and the lease. Compl. ¶ 8.

6. COBI was the parent company of SVTI. Pl. Mot. S. J. at 2.

7. Paragraph 4 of the lease provides for an annual rental of $2,500. Compl. Exh. A. COBI currently subleases the property to various radio and television stations, cellular companies, and other communications-related entities, and is scheduled to receive annual rents from these entities for the current year totaling approximately $140,000. Compl. ¶ 9.

8. Paragraph 10 of the lease provides:

> 10. OPTION. At the expiration of the term hereof, Lessee shall have the first right, privilege and option to renew this Lease for a period of fifty (50) years at a rental to be fixed by agreement between said parties and/or their successors in interest. Within ninety (90) days prior to the expiration of said Lease, Lessee shall notify Lessor, in writing, of its election to exercise its option to extend said Lease for the additional term, and shall notify Lessor of the rental which it is willing to pay for said extended term. If said rental is not acceptable to Lessor or her successors or assigns, then within thirty-five (35) days after the receipt of such written notice, the amount of rental shall be submitted to arbitration. Lessor shall appoint one arbitrator and Lessee shall appoint one arbitrator, and if said arbitrators can not agree, then they shall jointly appoint a third arbitrator, in which event the decision of a majority of the arbitrators shall be conclusive upon Lessor and Lessee and shall be rendered and determined prior to August 1, 2006. The cost of such arbitration shall be borne equally by Lessor and Lessee.

Compl. Exh. A.

9. On October 10, 2005, COBI notified NPS in writing that it intended to renew the lease. Compl.¶ 10.

10. COBI proposed an annual rent of $12,538.66, beginning September 1, 2006. Id.

11. On November 1, 2005, NPS notified COBI that it would not renew the lease and that under "applicable law and policy, the NPS cannot offer any party, including COBI, the opportunity to lease the area on Shasta Bally." Compl. ¶ 11.

12. NPS informed COBI that "the only means for authorizing use of NPS lands for communications facilities is an NPS right-of-way permit." Pl. Mot. S.J. Ex. 5 at 1.

13. NPS has spent a considerable amount of time apprising COBI of how parties on the site could continue their operations under NPS right-of-way permits and how best to provide a smooth transition to NPS right-of-way permits upon lease expiration. Id.

14. In its letter of November 1, 2005, NPS explained key features of NPS right-of-way permits. Id.

15. On December 2, 2005, NPS explained that it was prepared to begin working with COBI with the right-of-way permitting process and that the first step is the submission of a standard application form, SF 299, which NPS enclosed with the letter for COBI's convenience. Pl. Mot. S.J. Ex. 6.

16. On January 12, 2006, NPS provided COBI with a detailed discussion addressing COBI's questions concerning the permitting process. See Def. Mot., Exh. 1.

17. NPS has neither entered into a lease with another party or received an offer to lease from another party the land at issue in this matter after the initial term of the lease expires. Compl. ¶ 11.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Mark A. Melnick
MARK A. MELNICK
Assistant Director

s/Marla T. Conneely
MARLA T. CONNEELY
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street
Washington, D.C. 20530
tel: (202) 307-1011
fax: (202) 307-0972

Attorneys for Defendant

OF COUNSEL:

PAULA LEE
Office of the Solicitor
Department of the Interior
Pacific Southwest Region
1111 Jackson Street, Ste. 735
Oakland, California 94607

June 20, 2006