# UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| **CALIFORNIA OREGON BROADCASTING, INC.,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**UNITED STATES OF AMERICA,**<br><br>**Defendant.** | **No. 06-CV-00116-NBF**<br><br>**Plaintiff California Oregon Broadcasting, Inc.'s Response to Defendant's Proposed Findings of Uncontroverted Fact**<br><br>**ELECTRONICALLY FILED: 07/07/2006** |

Plaintiff California Oregon Broadcasting, Inc. ("COBi") hereby submits its Response to Defendant's Proposed Findings of Uncontroverted Fact.

Defendant's Proposed Finding No. 1:

In October 1970, Sacramento Valley Television Inc. ("SVTI") entered into a lease with several individuals under which SVTI leased certain land from Lois Tracy. Compl. ¶ 4.

Plaintiff's Response: Undisputed.

Defendant's Proposed Finding No. 2:

The lease is due to expire on July 31, 2006. Compl. ¶ 5.

Plaintiff's Response: Undisputed.

Defendant's Proposed Finding No. 3:

The United States acquired the land at the summit in or about December 1970, subject to the lease. Compl. ¶ 7.

Plaintiff's Response: Undisputed.

Defendant's Proposed Finding No. 4:



248899.1

NPS was not an original party to the lease nor was it involved in drafting or negotiating its terms.

Plaintiff's Response: Disputed. Although NPS was not an original party to the lease, given the close temporal proximity of the lease negotiation to the sale of the property to NPS, NPS may have been involved in the drafting and negotiation of the lease.

Defendant's Proposed Finding No. 5:

COBI eventually succeeded SVTI's interest in the leasehold and the lease. Compl. ¶ 8.

Plaintiff's Response: Undisputed.

Defendant's Proposed Finding No. 6:

COBI was the parent company of SVTI. PI. Mot. S.J. at 2.

Plaintiff's Response: Undisputed.

Defendant's Proposed Finding No. 7:

Paragraph 4 of the lease provides for an annual rental of $2,500. Compl. Exh. A. COBI currently subleases the property to various radio and television stations, cellular companies, and other communications-related entities, and is scheduled to receive annual rents from these entities for the current year totaling approximately $140,000. Compl. ¶ 9.

Plaintiff's Response: Undisputed.

Defendant's Proposed Finding No. 8:

Paragraph 10 of the lease provides:

> 10. OPTION. At the expiration of the term hereof, Lessee shall have the first right, privilege and option to renew this Lease for a period of fifty (50) years at a rental to be fixed by agreement between said parties and/or their successors in interest. Within ninety (90) days prior to the expiration of said Lease, Lessee shall notify Lessor, in writing, of its election to exercise its



248899.1

> option to extend said Lease for the additional term, and shall notify Lessor of the rental which it is willing to pay for said extended term. If said rental is not acceptable to Lessor or her successors or assigns, then within thirty-five (35) days after the receipt of such written notice, the amount of rental shall be submitted to arbitration. Lessor shall appoint one arbitrator and Lessee shall appoint one arbitrator, and if said arbitrators can not agree, then they shall jointly appoint a third arbitrator, in which event the decision of a majority of the arbitrators shall be conclusive upon Lessor and Lessee and shall be rendered And determined prior to August 1, 2006. The cost of such arbitration shall be borne equally y Lessor and Lessee.

Compl. Exh. A.

Plaintiff's Response: Undisputed.

Defendant's Proposed Finding No. 9:

On October 10, 2005, COBI notified NPS in writing that it intended to renew the lease. Compl. ¶ 10.

Plaintiff's Response: Disputed. Proposed revised finding: "On October 10, 2005, COBI notified NPS that it intended to exercise its option to renew the lease."

Defendant's Proposed Finding No. 10:

COBI proposed an annual rent of $12,538.66, beginning September 1, 2006. Id.

Plaintiff's Response: Disputed. Although COBi proposed an initial annual rent of $12,538.66, COBi also proposed that the rent be adjusted annually using the Consumer Price Index.

Defendant's Proposed Finding No. 11:

On November 1, 2005, NPS notified COBI that it would not renew the lease and that under "applicable law and policy, the NPS cannot offer any party, including COBI, the opportunity to lease the area on Shasta Bally." Compl. ¶ 11.

Plaintiff's Response: Undisputed.

Defendant's Proposed Finding No. 12:

NPS informed COBI that "the only means for authorizing use of NPS lands for communications facilities is an NPS right-of-way permit." PL. Mot. S.J. Ex. 5 at 1.

Plaintiff's Response: Undisputed.

Defendant's Proposed Finding No. 13:

NPS has spent a considerable amount of time apprising COBI of how parties on the site could continue their operations under NPS right-of-way permits and how best to provide a smooth transition to NPS right-of-way permits upon lease expiration. Id.

Plaintiff's Response: Disputed. This proposed finding has no relevance to this matter. In addition, at this stage, COBi has no means of determining how much time NPS has spent on this matter.

Defendant's Proposed Finding No. 14:

In its letter of November 1, 2005, NPS explained key features of NPS right-of-way permits. Id.

Plaintiff's Response: Undisputed.

Defendant's Proposed Finding No. 15:

On December 2, 2005, NPS explained that it was prepared to begin working with COBI with the right-of-way permitting process and that the first step is the submission of a standard application form, SF 299, which NPS enclosed with the letter for COBI's convenience. Pl. Mot. S.J. Ex. 6.

Plaintiff's Response: Undisputed.

Defendant's Proposed Finding No. 16:

On January 12, 2006, NPS provided COBI with a detailed discussion addressing COBI's questions concerning the permitting process. See Def. Mot., Exh. 1.

Plaintiff's Response: Undisputed.

Defendant's Proposed Finding No. 17:

NPS has neither entered into a lease with another party or received an offer to lease from another party the land at issue in this matter after the initial term of the lease expires. Compl. ¶ 11.

Plaintiff's Response: Disputed. This proposed finding has no relevance to this matter. In addition, at this stage, COBi has no means of knowing whether NPS has received offers from other parties to lease the land.

Dated: July 7, 2006

Respectfully submitted,

_s/Neil H. O'Donnell________

NEIL H. O'DONNELL
ROGERS JOSEPH O'DONNELL & PHILLIPS
311 California Street
San Francisco, CA 94104
Tele. (415) 956-2828
Fax (415) 956-6457

Attorneys for Plaintiff California Oregon Broadcasting, Inc.

OF COUNSEL:

Mark A. Kahn
ROGERS JOSEPH O'DONNELL & PHILLIPS
311 California Street
San Francisco, CA 94104
Tele. (415) 956-2828
Fax (415) 956-6457

CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of July, 2006, a copy of the foregoing "Plaintiff California Oregon Broadcasting, Inc.'s Response to Defendant's Proposed Findings of Uncontroverted Fact " was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Neil H. O'Donnell__________