# UNITED STATES COURT OF FEDERAL CLAIMS

**CALIFORNIA OREGON BROADCASTING, INC.,**

**Plaintiff,**

vs.

**UNITED STATES OF AMERICA,**

**Defendant.**

**No. 06-CV-00116-NBF**

**Plaintiff California Oregon Broadcasting, Inc.'s Motion to Expedite Ruling on Cross-Motions for Summary Judgment and Motion for Hearing**

**ELECTRONICALLY FILED: 07/21/2006**

## I. INTRODUCTION

This lawsuit relates to property that Plaintiff California Oregon Broadcasting, Inc. ("COBi"), currently leases from the National Park Service ("NPS"). The leasehold is governed by a written lease agreement, with an initial term that expires on July 31, 2006. The parties have filed cross-motions for summary judgment, and the final brief on the motions (Government's Reply Brief) is due to be filed on July 31, 2006.

For the reasons set forth below, COBi hereby requests that this Court expedite ruling and hold a hearing regarding the parties' currently pending cross-motions for summary judgment. As described in this motion, the need for an expedited ruling arose within the last week, after COBi's subtenants received letters from the NPS directing the subtenants to pay monies to NPS prior to July 31, 2006 and to agree to numerous terms and conditions regarding their continued use of the site. Thus, the letters indicate that NPS is proceeding as if it had already prevailed in this litigation.

Indeed, if the Court even waits for *this* motion to be fully briefed, NPS, at least to some extent, will have effectively preempted the judicial process. Accordingly, COBi also requests that the Court set an accelerated briefing schedule for this motion.[1]

## II. ARGUMENT

On or about July 14, 2006, NPS sent letters to COBi's subtenants at the Shasta Bally site.[2] (*See* Declaration of Myron Tisdel ("Tisdel Decl."), ¶¶ 2-3 and Exhibit A). In the letters, NPS instructs the subtenants that they will need to complete the right-of-way permit application process to continue using the site. Specifically, the letters require that each subtenant submit payment to NPS prior to July 31, 2006 for costs associated with the permitting process. Exhibit A, p. 2 (emphasis added).

In addition, the letters specify that to continue using the site after July 31, 2006, each subtenant must execute a written concurrence agreeing to numerous terms and conditions regarding use of the site. For example, the subtenants must agree to reimburse NPS for additional costs incurred by NPS during the permitting process – that is, essentially give NPS a "blank check." Exhibit A, p. 2 – Term #3. In this regard, NPS has advised the subtenants that it will require reimbursement from the subtenants for costs associated with maintaining the road on the site, but NPS has not provided even an estimate of those costs. Exhibit A, p. 1. Moreover, NPS's plan to improve road conditions at the site will have the

---

[1] In this regard, today, at approximately 1:30 PM EDT, COBi's counsel left a message for the Government's counsel asking for a return call today. (Declaration of Neil H. O'Donnell ("O'Donnell Decl."), ¶ 3). During the call, COBi's counsel planned to ask the Government's counsel to stipulate to an accelerated briefing schedule for this motion. (O'Donnell Decl., ¶ 2). As of the time of the filing of this motion, however, COBi's counsel had not received a call back from the Government's counsel. (O'Donnell Decl., ¶ 4).

[2] Curiously, as of July 21, 2006, COBi itself had not received a similar letter from NPS.

effect of making the site more accessible to the public, which may result in increased vandalism to equipment at the site from trespassers who previously would not have been able to get to the equipment.

Further, the letters state that users may only make trips to the site after providing 24 hours notice to NPS – notice which must be given by personal conversation. Exhibit A, p. 2 – Term #6. Also in this regard, Term #7 requires the subtenants to provide 10 business days notice in advance of maintenance or repair activities at the site (other than emergency repairs). These requirements are neither realistic nor appropriate given that several subtenants are radio, television, and telecommunications providers (including providers of 911 services). Providers of such key communication services need access to their sites without having to go through time-consuming procedural exercises.[3] Moreover, adherence to the requirements may cause users of the site to be out of compliance with FCC regulations. *See, e.g.,* 47 C.F.R. § 73.1350(d) (requiring broadcast operation to be terminated within three hours if a broadcaster is "operating in a manner not in compliance with" either specified technical rules or the terms of the broadcaster's station authorization).

An excellent example of why an expedited ruling on the parties cross-motions is in order is Term #5, requiring that "Applicant shall not perform any construction or alterations on the site." Several subtenants have scheduled major equipment installation and alterations for August and September 2006. *See, e.g.,* Tisdel Decl., ¶ 4. Because the site will become inaccessible to construction equipment in the coming months (as early as September, when the first major snowfall hits), it is imperative that the subtenants be able to move

[3] COBi notes that the 10-day waiting period for non-emergency repairs is also problematic because of the unpredictable weather at the site. That is, the users of the site need to be able to access the site as soon as the weather allows for such access.

forward with their construction plans as scheduled. Under Term #5, the subtenants cannot do so.

## III. CONCLUSION

With its July 14, 2006 letter, NPS imposes a host of requirements on the subtenants at the Shasta Bally site in order for them to continue using the site. Given that NPS is proceeding as if it had already prevailed in this litigation, it is critical that the Court expedite its ruling on the parties' cross-motions for summary judgment. COBi further requests that the Court hold a hearing on the cross-motions at its earliest convenience.[4] Finally, COBi asks the Court to set an accelerated briefing schedule for this motion.

Dated: July 21, 2006

Respectfully submitted,

_s/Neil H. O'Donnell________

NEIL H. O'DONNELL
ROGERS JOSEPH O'DONNELL & PHILLIPS
311 California Street
San Francisco, CA 94104
Tele. (415) 956-2828
Fax (415) 956-6457

Attorneys for Plaintiff California Oregon Broadcasting, Inc.

OF COUNSEL:

Mark A. Kahn
ROGERS JOSEPH O'DONNELL & PHILLIPS
311 California Street
San Francisco, CA 94104
Tele. (415) 956-2828
Fax (415) 956-6457

---

[4] In addition to having oral argument on the cross-motions, at the hearing, COBi can make available witnesses who can testify regarding the difficulties created by the requirements of the July 14 letter if the Court would find it useful to hear such testimony.

CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of July, 2006, a copy of the foregoing "Plaintiff California Oregon Broadcasting, Inc.'s Motion to Expedite Ruling on Cross-Motions for Summary Judgment and Motion for Hearing" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Neil H. O'Donnell__________