No. 06-116
(Judge Firestone)

---

CALIFORNIA OREGON BROADCASTING, INC.,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

---

# DEFENDANT'S REPLY BRIEF IN SUPPORT OF DEFENDANT'S CROSS-MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

---

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

MARK A. MELNICK
Assistant Director

OF COUNSEL:

PAULA LEE
Office of the Solicitor
Department of the Interior
Pacific Southwest Region
1111 Jackson Street, Ste. 735
Oakland, California 94607

MARLA T. CONNEELY
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street
Washington, D.C. 20530
Tel: (202) 305-3689
Fax: (202) 307-0972

August 8, 2006

Attorneys for Defendant

# TABLE OF CONTENTS

PAGE

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I. COBI's Claims Should Be Dismissed, Or, In The Alternative, Judgment Should Be Entered For The United States As A Matter Of Law Under Both Federal And California Law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II. Consistent With The Rules Of Contract Interpretation And Controlling Legal Authority The Lease Only Provides A Conditional Right of First Refusal, Not A Unilateral Option To Renew . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

A. The Term "First" Distinguishes A Conditional Right Of First Refusal From An Unconditional Option . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

B. There Is No Support For COBI's Argument That The Language Of The Provision Is "Expansive" And Is Both A Right Of First Refusal And An Unconditional Option . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

C. The Condition Precedent Of The Lessor's Willingness To Re-Lease Is Implicit In A Right Of First Refusal . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

D. COBI Has Contrived A Ninety-Day Advance Notice Requirement To Support Its Position . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

E. The Use Of The Term "Option" In The Caption And The Provision Is Neither Persuasive Nor Determinative . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

III. The Lease Should Not Be Construed In COBI's Favor Because There Is No Evidence That The Government Or The Original Lessor Drafted The Terms Of The Lease . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

IV. COBI Seeks Damages That Are Speculative, Remote, And Unforeseeable . . . . 15

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

## TABLE OF AUTHORITIES

CASES PAGE(S)

Ablett v. Clauson,
43 Cal.2d 280, 272 P.2d 753 (Cal. 1954) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

Associated Truck Lines, Inc.. v. Baer,
346 Mich. 106 (1956) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

Assurance Co. v. United States,
813 F.2d 1202 (Fed. Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Baird v. Lindblad,
75 Cal.App.2d 202 (1946) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Buddenberg v. Welch,
185 N.E. 865 (Ind. Ct. App. 1933) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Butt v. Maier & Zobelein Brewery,
6 Cal.App. 581 (1907) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Cloverdale, Co. v. Littlefield,
133 N.E. 565 (Mass. 1921) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

Doll v. Maravilas,
82 Cal.App.2d 943 (1947) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14

Essen Mall Properties v. United States,
21 Cl. Ct. 430, 447 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Hill v. Prior,
106 A. 641 (N.H. 1919) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

Holloway v. Schmidt,
67 N.Y.S. 169 (Supreme Court of New York, Appellate Term 1900) . . . . . . . . . . . . . . . 6

King v. Samuel,
7 Cal.App. 55 (1907) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Landowners Co. v. Pendry,
100 P.2d 632 (Kan. 1940) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7, 9

London v. Joslovitz,
110 N.Y.S.2d 56 (1952) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Luxenberg v. Mayfair Extension, Inc.,
382 F.2d 475 (D.C. Cir. 1967) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Malissa Co., Inc. v. United States,
11 Cl. Ct. 389, 391-92 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Mitchell v. Exhibition Foods, Inc.,
184 Cal.App.3d 1033 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Nelson v. Reisner,
51 Cal.2d 161, 331 P.2d 17 (Cal. 1958) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

San Carlos Irrigation & Drainage Dist. v. United States,
111 F.3d 1557 (Fed. Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

San Joaquin v. Work. Comp. App. Bd.,
117 Cal.App.4th 1180 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Sinclair Refining Co. v. Clay,
102 F.Supp. 732 (N.D. Oh. 1951) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 9

Spector v. Nat'l Pictures Corp.,
201 Cal.App.2d 217 (1962) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Steen v. Rustad,
132 Mont. 96 (1957) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

**MISCELLANEOUS**

3 Eric Mills Holmes, Corbin On Contracts § 11.3 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

Restatement (Second) of Contracts § 207 (1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Cal. Civil Code § 1654 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

California Civil Code § 1069 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14

California Civil Code § 1654 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Granting to Lessee of 'First" Privilege or Right to Re-Lease or to Renewal or Extension of Tenancy Period as Conditioned upon Lessor's Willingness to Re-Lease,
6 A.L.R. 2d 820 (1949) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 8

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CALIFORNIA OREGON BROADCASTING, INC., | ) | |
| Plaintiff, | ) | No. 06-116C |
| v. | ) | Judge Firestone |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY BRIEF IN SUPPORT OF DEFENDANT'S CROSS-MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

Pursuant to Rules 12(b)(6) and 56 of the Rules of the United States Court of Federal Claims, defendant, the United States, respectfully submits this reply brief in support of its cross-motion to dismiss, or in the alternative, for summary judgment.

## ARGUMENT

In its motion and supporting brief, the Government demonstrated that paragraph 10 of the lease at issue contains a conditional right of first refusal, not a unilateral right to renew. The lease recently expired on July 31, 2006, and the National Park Service ("NPS") is currently working with plaintiff, California Oregon Broadcasting, Inc. ("COBI"), and its subtenants to transition to right-of-way permits, which is the only way telecommunications companies can operate on NPS property under current NPS regulations.

In its opposition, COBI claims that paragraph 10 of the lease provides COBI with a unilateral right to renew. COBI argues that the context of the renewal provision, including use of the caption "option" and the term "option" in the provision, suggest an unconditional option. However, relevant case law demonstrates that such factors are neither significant nor

determinative, and that, in fact, many right of first refusal provisions incorporate the term "option."

COBI also argues that under the rules of contract interpretation, the lease provision must be interpreted in favor of COBI as the grantee or lessee. Those rules, however, only prevail where the grant or lease has been drafted by the grantor or lessor. In this case, there is no evidence that the Government or the original owner/lessor of the property drafted the lease or the renewal provision. Thus, there is no basis to interpret the renewal provision in COBI's favor.

Moreover, COBI only cites to two out-of-state cases to support its position that the lease contains a unilateral right to renew, and both of those cases can be easily distinguished from this case.

As demonstrated below, COBI's position is wholly unsupported, and this Court should grant the Government's cross-motion to dismiss, or in the alternative, for summary judgment.

## I. COBI's Claims Should Be Dismissed, Or, In The Alternative, Judgment Should Be Entered For The United States As A Matter Of Law Under Both Federal And California Law

Contrary to COBI's representations, the Government does not contend that Federal law applies. The Government specifically noted that whether Federal law or California law applies, the result is the same: the provision at issue only gives COBI a right of first refusal, conditioned on the Government's determination that it is willing and able to renew the lease. Def. Mot. 10.

## II. Consistent With The Rules of Contract Interpretation And Controlling Legal Authority, The Lease Only Provides A Conditional Right of First Refusal, Not A Unilateral Option To Renew

### A. The Term "First" Distinguishes A Conditional Right of First Refusal From An Unconditional Option

COBI faults the Government for focusing on the word "first" in interpreting the renewal provision, which states "Lessee shall have the first right, privilege and option to renew this Lease for a period of fifty (50) years at a rental to be fixed by agreement between said parties and/or their successors in interest." Pl. Reply Br. 4. (Emphasis added.) The Government focused on the term "first" because case law and other legal authority consistently hold that this term distinguishes a conditional right of first refusal from an unconditional option:

> [T]he word 'first' was inserted in the [particular] clause for a purpose – that of preferring the lessee in the event the lessor actually decided to lease the property again – but that such word cannot in effect be read out of the clause so as to make the lessee's privilege an absolute and unconditional option binding on the lessor whether he desires to lease the property again or not.

A.W. Gans, Annotation, *Granting to Lessee of 'First" Privilege or Right to Re-Lease or to Renewal or Extension of Tenancy Period as Conditioned upon Lessor's Willingness to Re-Lease*, 6 A.L.R. 2d 820, § 2 (1949). See also, 12 Witkin, Summary of California Law, Real Property, § 530 (10th ed. 2005) ("A clause giving the lessee 'the first right and prior option to secure a lease upon said premises before the same are offered to any other person' merely gives the lessee preference over a stranger. It does not constitute an unqualified option to renew and therefore does not preclude the lessor's retention of the property without further leasing."); id. at § 533 ("Language which gives the first privilege, first opportunity, or first right merely allows the lessee a prior or preferential right to buy."); Ablett v. Clauson, 43 Cal.2d 280, 283, 272 P.2d 753, 755 (Cal. 1954) (en banc) (where the California Supreme Court held that terms such as "first privilege" and "first right" "do not give the lessee an absolute right to a renewal, but one conditioned upon the lessor's leasing the property, in which case the lessee may have first

refusal"). Accordingly, the use of the word "first" in the lease provision demonstrates that the lease provides COBI with a first right of refusal, not an unconditional option.

### B. There Is No Support For COBI's Argument That The Language Of The Provision Is "Expansive" And Is Both A Right Of First Refusal And An Unconditional Option

COBI refuses to acknowledge that the great weight of authority (i.e., case law and legal commentators) holds that the word "first" must be given effect and indicates a conditional right of first refusal. Instead, COBI takes the untenable position that the phrase "first right, privilege and option" is "both a first right of renewal and an option." Pl. Reply Br. 6. COBI argues that the term"first" in the phrase "first right, privilege and option" merely has meaning as a modifier to "right," and "option" stands by itself. According to COBI, the language used in this lease "is more expansive" and the Government's interpretation "gives no effect to the parties' choice to use language much more extensive than simply 'first right to renew.'" Pl. Reply Br. 5. COBI cites to no legal support for this argument, and, indeed, no case cited by the Government or by COBI found a right of first refusal and an option in the same sentence.[1] COBI's position, taken to its logical conclusion, would mean that any right of first refusal provision that included the word "option" would suggest a conditional right of first refusal and an unconditional option. This position is wholly unsupported – there is not a single case cited by either COBI or the Government that reaches such a conclusion.

[1] Although there are cases in which the contract or lease included both a separate option clause and right of first refusal provision, as noted by the Government in its initial brief, even the cases cited by plaintiff found either an option or a right of first refusal, opted for one or the other, but not both.

COBI attempts to dismiss the plethora of cases cited by the Government by arguing that the language at issue is "more expansive." In our initial brief, we cited extensive legal authority and case law that noted the varied terms used to denote a "right of first refusal." See, e.g., 3 Eric Mills Holmes, Corbin On Contracts § 11.3 (2005) (explaining that right of first refusal provisions are not offers and create no powers of acceptance, and that some confusion "stems from the diverse and inconsistent customs of describing this right"); 1 Witkin, Summary of California Law, Contracts, § 178 (10th ed. 2005) ("The language of preemption may be 'first opportunity,' 'first right,' 'first privilege,' 'first refusal,' etc., but regardless of the language employed, the distinction is that an option gives the holder power to compel a sale whether or not the owner wants to sell, while the preemption agreement merely gives the holder the first right to buy if the owner wants to sell.").[2] COBI's position that the language in paragraph 10 is more expansive and therefore is an unconditional option and a conditional right of first refusal is contrary to well-established law and should be rejected.

[2] See also, Luxenberg v. Mayfair Extension, Inc., 382 F.2d 475, 476 (D.C. Cir. 1967)("the first option to lease")(emphasis added); Sinclair Refining Co. v. Clay, 102 F.Supp. 732, 733-34 (N.D. Oh. 1951) ("the first refusal and privilege")(emphasis added); Ablett v. Clauson, 272 P.2d 753, 754 (Cal. 1954) (en banc) ("first right and a prior option to secure a lease")(emphasis added); Buddenberg v. Welch, 185 N.E. 865 (Ind. Ct. App. 1933) ("the first and prior right and option to re-lease")(emphasis added); Landowners Co. v. Pendry, 100 P.2d 632 (Kan. 1940) ("the right to the first option . . . under a new lease")(emphasis added); Cloverdale, Co. v. Littlefield, 133 N.E. 565 (Mass. 1921) ("the first right to re-lease")(emphasis added); Hill v. Prior, 106 A. 641 (N.H. 1919) ("the first right to a further lease")(emphasis added); Holloway v. Schmidt, 67 N.Y.S. 169 (Supreme Court of New York, Appellate Term 1900) ("first privilege of a renewal")(emphasis added); London v. Joslovitz, 110 N.Y.S.2d 56 (1952) ("the first right, option and privilege of purchasing said premises")(emphasis added).

C. The Condition Precedent Of The Lessor's Willingness To Re-Lease Is Implicit In A Right Of First Refusal

COBI argues that the renewal provision is not a right of first refusal because the right of first refusal is not "expressly conditioned on the occurrence of certain other events." Pl. Reply Br. 5. However, right of first refusal provisions are generally conditioned on the lessor's receipt of an offer from a third party and willingness to accept that offer. See Def. Mot. 8; 3 Eric Mills Holmes, Corbin on Contracts § 11.3 (2005). The case law is clear that this condition precedent need not be set forth expressly in the written agreement for a right of first refusal to exist.[3] Thus, the lack of language specifying that the right of first refusal is conditioned on the lessor being willing and able to lease the premises again does not, as COBI claims, magically transform the renewal provision at issue into an unconditional option.

COBI dismisses the California Supreme Court's decision in Ablett v. Clauson, 43 Cal.2d 280, 281, 272 P.2d 753 (Cal. 1954) (en banc), stating that the decision "provides no guidance" because the provision in this case does not contain the same conditional language that was in the

[3] See, e.g., Nelson v. Reisner, 51 Cal.2d 161, 163-164, 331 P.2d 17, 18 (Cal. 1958) (en banc) (clause providing: "Lessors covenant and agree to extend to Lessee the right of first refusal in the event of the sale of the premises during the term of this lease and the right of first refusal of a new lease at the expiration of the term of this lease."); Buddenberg v. Welch, 185 N.E. 865 (Ind. Ct. App. 1933) ("in further consideration of such rental payments, now grants unto said James, the first and prior right and option to re-lease said premises for an additional term of five (5) years from the expiration of this lease upon the same terms and conditions set forth and specified"); Landowners Co. v. Pendry, 100 P.2d 632 (Kan. 1940) ("The parties of the second part shall have the right to the first option in case they may desire to continue to occupy said premises under a new lease after the expiration of the present term, but shall give to the party of the first part a thirty-days notice in writing of their intention to exercise such option."); Cloverdale, Co. v. Littlefield, 133 N.E. 565 (Mass. 1921) ("the first right to re-lease for a term of three more years at the expiration of the present lease on the same conditions and terms as herein mentioned"); Hill v. Prior, 106 A. 641 (N.H. 1919) ("The lessor agrees to give the lessee the first right to a further lease for a term not exceeding ten years after the expiration of this lease.").

lease provision in Ablett. Pl. Reply Br. 6. The lease provision in Ablett stated that lessees "shall have the first right and a prior option to secure a lease upon said premises before the same are offered to any other person, firm or corporation for lease or rental and that said option shall contemplate a lease for a period of five (5) years upon terms to be then agreed upon." Id. at 281 (emphasis added).

The Court explained that "such terms as 'first privilege' and 'first right' . . . do not give the lessee an absolute right to a renewal, but one conditioned upon the lessor's leasing the property, in which case the lessee may have first refusal." Id. at 283-284. The Court concluded that the "clear meaning of the provision is to give the lessee a first refusal or right to lease, conditioned upon the lessor's leasing the property again." Id. at 284. The Court further noted that the construction was in accordance with "the clear weight of authority," and cited the A.W. Gans, Annotation, *Granting to Lessee of 'First" Privilege or Right to Re-Lease or to Renewal or Extension of Tenancy Period as Conditioned upon Lessor's Willingness to Re-Lease*, 6 A.L.R. 2d 820, § 2 (1949), with approval. Id. at 284. Thus, the distinguishing factor was clearly the "first right" language, and not the conditional language "before the same are offered to any other person, firm or corporation," as alleged by COBI.

Moreover, if COBI's reasoning is correct – that the language "first right, privilege and option" is a both an option and right of first refusal – otherwise certain words are surplusage and renders part of the grant meaningless – then the California Supreme Court in Ablett should have found that the phrase "first right and prior option" is both an option and a conditional right of first refusal. Otherwise, under COBI's logic, "prior option" is surplusage and meaningless. However, this was not the interpretation that the Court adopted.

D. COBI Has Contrived A Ninety-Day Advance Notice Requirement To Support Its Position

COBI claims that a ninety-day advance notice requirement only applies to the option, while the right of first refusal can be exercised whenever the Government determines that it will re-lease the premises, whenever that occurs. Pl. Br. 7. COBI then argues that, under the Government's right of first refusal interpretation, the Government could extinguish COBI's right of first refusal by deciding to release after the ninety-day advance notice deadline has passed. Therefore, COBI concludes, the Government's interpretation leads to absurd results.

However, there is no ninety-day advance notice requirement in the renewal provision. Rather, the provision states "Within ninety (90) days prior to the expiration of said Lease, Lessee shall notify Lessor, in writing, of its election to exercise its option to extend said lease. . . ." The language means what is says – within 90 days COBI must notify the Government. The Government cannot extinguish COBI's right of first refusal by simply waiting until after the 90 days before lease expiration and then re-leasing to someone else because, under the plain language of the provision, COBI can exercise the right of first refusal up to lease expiration. Thus, the Government's interpretation of the lease renewal provision is fully consistent with the "within ninety (90) days" requirement, does not extinguish COBI's right to exercise its right of first refusal, and does not lead to absurd results.

E. The Use Of The Term "Option" In The Caption And The Provision Is Neither Persuasive Nor Determinative

Contrary to COBI's assertion, the use of the term "option" in the caption and in the renewal provision does not support its argument. As noted above, there are many varied terms used to denote a "right of first refusal," and many of these right of first refusal provisions include

the word "option."[4] Moreover, none of these cases suggest that the mere use of the term "option" is determinative and ends the inquiry. Rather, as noted above, the critical term is "first." Thus, the fact that the caption and the provision include the term "option" does not abrogate the Government's position that the renewal provision is a right of first refusal.

Moreover, the case cited by COBI does not support COBI's position. Specifically, COBI cites to one California appellate court decision, Butt v. Maier & Zobelein Brewery, 6 Cal.App. 581 (1907). The language at issue there, "prior right to lease" is significantly different from the language in the COBI lease ("first right, privilege and option"). Significantly, the language in Butt does not include the term "first," which as demonstrated by the numerous decisions, is probative. Thus, the case provides little guidance. Furthermore, Butt was decided years before the California Supreme Court provided guidance on "first right" language in Ablett.

COBI also argues that the "context" of the "first right, privilege and option" provision demonstrates that the provision is an unconditional option. Pl. Reply Br. 8. To support its "context" based argument, COBI argues that because the clause at issue is entitled "OPTION"

---

[4] See, e.g., Sinclair Refining Co. v. Clay, 102 F.Supp. 732, Id. at 733-34 (N.D. Oh. 1951) (where the right of first refusal provided that in the event the lessor shall receive a bona fide offer to purchase the leased premises, "Lessor shall promptly give notice to Lessee of the terms of such offer, and of Lessor's willingness to sell for the price offered, and Lessee shall have the first refusal and privilege (which will hereafter be referred to as an 'option') of purchasing said premises at such price. . . .")(emphasis added); Ablett, 43 Cal.2d 280, 281, 272 P.2d 753 (Cal. 1954) (en banc)("shall have the first right and a prior option to secure a lease upon said premises before the same are offered to any other person, firm or corporation for lease or rental and that said option shall contemplate a lease for a period of five (5) years upon terms to be then agreed upon")(emphasis added); Landowners Co. v. Pendry, 100 P.2d 632 (Kan. 1940) ("The parties of the second part shall have the right to the first option in case they may desire to continue to occupy said premises under a new lease after the expiration of the present term, but shall give to the party of the first part a thirty-days notice in writing of their intention to exercise such option.").

and the following sentence provides that the Lessee shall notify Lessor "of its election to exercise its option to extend said Lease for the additional term," the provision is an unconditional option. Pl. Reply Br. 9. However, the case law, including the cases cited by plaintiff, do not hold that such minor insignificant details are determinative of the issue of whether a provision is an unconditional option or a conditional right of first refusal. COBI cites Associated Truck Lines, Inc.. v. Baer, 346 Mich. 106 (1956) to support its argument. In Baer, the contract granted plaintiff a "first right and option to purchase from the undersigned the premises" for $65,000 at any time during the term of the lease, but not until after January 1, 1944. In a separate lease agreement, plaintiff leased the subject property for a term of 15 years, commencing January 1, 1942. The court rejected the lessor's contention that the term "first" made the option conditional because "to give the effect to the word 'first' contended for by defendants would be to fly in the face of the provision in the option that plaintiff was not permitted to exercise it during the first two years of the term of the lease. To hold the option conditional upon optionors' willingness to sell would render that provision meaningless and without purpose." Id. at 110. Unlike Baer, interpreting the provision in this case as a conditional right of first refusal does not render any other provisions of the lease without purpose.

COBI also cites another out of state case, Steen v. Rustad, 132 Mont. 96 (1957), to support its argument that use of the title "OPTION" and the sentence that provides that the Lessee shall notify Lessor "of its election to exercise its option to extend said Lease for the additional term," suggests that the provision is an unconditional option. In that case, the lessee entered in an agreement entitled "Lease With Option to Buy – Agreement." The lease contained

the following words: "Landlord hereby agrees to let and lease unto the tenant, and give the tenant a first option to buy."

COBI inaccurately asserts that, in reaching its decision that the contract was an unconditional option, the court considered the language regarding the tenant exercising "*his option*," in deciding that the provision was an unconditional option. In fact, the emphasis was on "*option to buy*," not "*his option*." Thus, the use of the pronoun in "his option" was not noted by the court, just as "its election to exercise its option" is of no particular relevance here. Moreover, the court looked at four very lengthy provisions that explained in detail how the lessee was to exercise his option to buy, and concluded that "the entire language of the agreement tends toward only one interpretation; that the plaintiff was given an exclusive option to buy the property described in the lease. . . ." Id. at 102-103. Here, there are no additional provisions describing how COBI is to exercise its "option" that are inconsistent with the right of first refusal provision.

COBI also notes that the provision regarding the lessee's right to use water suggests that the renewal provision is an unconditional right. Paragraph 5 of the lease provides the lessee "the first right to use [] water, or all of it if needed for its purposes." However, as noted above, many different terms are used to denote a right of first refusal, including "first right" and "first right, privilege and option." The fact that the lease uses different language for the right to use water and the lease renewal does not counter the extensive legal authority supporting the Government's position that the renewal provision is a right of first refusal.

## III. The Lease Should Not Be Construed In COBI's Favor Because There Is No Evidence That The Government Or The Original Lessor Drafted The Terms Of The Lease

COBI argues that the right of first refusal must be construed in its favor, asserting that under California law, "a grant is to be construed in favor of the grantee" and a lease is to be construed in favor of the tenant. Pl. Reply Br. 12. COBI's position must be rejected because there is no evidence that either the Government or the previous owner/lessor of the property drafted the lease provision at issue.

The rules of contract interpretation favoring a grantee or lessee are based on the rule of contract construction set forth in the California Civil Code which states "In cases of uncertainty not removed by the preceding rules, the language of a contract should be interpreted most strongly against the party who caused the uncertainty to exist." Cal. Civil Code § 1654. This rule of construction favoring a grantee or lessee is premised on the idea that the grantee or lessee is not involved in the negotiation of the terms of the lease or grant; rather, such terms are dictated by the grantor or lessor.

In Mitchell v. Exhibition Foods, Inc., 184 Cal.App.3d 1033 (1986), the defendant lessee argued that the court should apply the principle of *contra proferentem* to construe a lease renewal provision in its favor in an unlawful detainer action. The court rejected the lessee's argument:

> Defendants [lessees] urge that we break this impasse by invoking the rule that 'uncertainties in agreements to renew leases are to be construed in favor of the tenant.' Although there are decisions to this effect [citations omitted], they appear to state a particularized variant of the familiar principle that ambiguities and uncertainties are to be construed against the party who created them in drafting the contract. [Citing California Civil Code § 1654; other citations omitted.] The trial court made an express finding that the first right of refusal provision 'was the product of a joint drafting effort by the parties' (Finding of Fact No. 4). Neither plaintiff nor

> defendants challenge this determination. The parties thus stand on equal footing. There is consequently no basis for applying the principle of *contra proferentem* as defendants suggest.

Id. at 540. See also, King v. Samuel, 7 Cal.App. 55 (1907) (the rule of California Civil Code §1069 that a grant should be interpreted in favor of the grantee must be read in conjunction with California Civil Code §1654, and ambiguity in a deed prepared by the grantee's attorney will be resolved against the grantee); Baird v. Lindblad, 75 Cal.App.2d 202 (1946) (where lease was prepared by lessee, any ambiguity in its provisions is properly construed against him). Moreover, the rule is inapplicable where it does not appear who caused the uncertainty or who was the "promisor." San Joaquin v. Work. Comp. App. Bd., 117 Cal.App.4th 1180, 1186 (contract is not automatically construed against the drafter where it is the result of negotiations).

COBI cites to Doll v. Maravilas, 82 Cal.App.2d 943 (1947), to support its position. However, in that case, the court was aware of the previous lessor's interpretation of the lease provision, and held that the subsequent lessor was bound by "her predecessor's liberal interpretation of the meaning of 'business hours.'" Id. at 949. Likewise, in Spector v. Nat'l Pictures Corp., 201 Cal.App.2d 217 (1962), the agreement at issue was drafted by the assignor's attorney. The court held that "[a]lthough the uncertainty was caused by defendant's assignor, successors in interest are bound by the construction reasonably applicable to the original parties." Id. at 225. Here, there is no evidence regarding how the previous owner/lessor interpreted the renewal provision, nor is there any evidence that the Government or the previous owner/lessor drafted the lease, including the renewal provision. In addition, there is no evidence regarding the negotiation of the lease terms.

What there is evidence of is that the Government was not an original party to the lease (Defendant's Undisputed Proposed Finding No. 3); that SVTI was an original party to the lease (Defendant's Undisputed Proposed Finding No. 1); and that plaintiff COBI is the parent company of SVTI (Defendant's Undisputed Proposed Finding No. 6.) There is no evidence (and certainly not undisputed) that the Government was involved in the drafting in the lease, or that the original owner/lessor, Lois Tracy, drafted the lease or the right of first refusal provision. Thus, if California Civil Code § 1654 is to be invoked by the Court, it should be invoked in favor of the Government, and the lease provision should be interpreted against COBI.

Moreover, in "choosing among the reasonable meanings of a promise or agreement or a term thereof, a meaning that serves the public interest is generally preferred." RESTATEMENT (SECOND) OF Contracts § 207 (1981). This rule "has often been relied on to justify narrow construction of a grant of a public franchise or an agreement for a tax exemption." Id.

In this case, COBI has been leasing public property at bargain prices at the expense of the general public. As noted in its initial brief, COBI pays $2,500 in annual rent to NPS, and earns $140,000 in annual rents that it receives from its sub-tenants. Currently, COBI pays nothing for the annual maintenance costs of the NPS land that support COBI's operations, which are entirely absorbed by NPS, i.e., the taxpayers of the United States. NPS incurs tremendous resource management costs as a result of COBI's operations on Shasta Bally, including: the maintenance costs for the road that leads to the summit of Shasta Bally (including grading, rock removal, clearing culverts, and repairing failed culverts); vegetation management to maintain the utility corridor for the three to four miles of power lines on NPS property which are only there to support COBI's operations (including, in coordination with Pacific Gas and Electric Company,

disposing of cuttings appropriately, managing burn piles to the extent necessary, and hazardous tree removal); as well as periodic law enforcement Ranger activity to deter vandalism of COBI's property.

COBI has been the beneficiary of this windfall deal for the past 36 years, and now wants to continue this arrangement for another 50 years – all at the expense of the federal taxpayers. In contrast, the right-of-way permitting process for telecommunications operations on NPS land, which is mandated by NPS regulations, allocates the maintenance costs for such operations among the entities conducting such operations. Accordingly, to the extent that the Court finds both parties interpretations reasonable, the Government's interpretation should be adopted as it serves the public interest.

IV. COBI Seeks Damages That Are Speculative, Remote, And Unforeseeable

As stated in the Government's initial brief, even if plaintiff were to succeed on its claims, it is not entitled to recover the damages it seeks because damages are not recoverable if they are too speculative or too remote from the alleged breach. San Carlos Irrigation & Drainage Dist. v. United States, 111 F.3d 1557, 1562-63 (Fed. Cir. 1997); Assurance Co. v. United States, 813 F.2d 1202, 1205 (Fed. Cir. 1987). This Court has firmly held that damages for anticipated lost profits, especially lost profits on future contracts, are too speculative in nature and lack the necessary direct nexus to the breached contract. Essen Mall Properties v. United States, 21 Cl. Ct. 430, 447 (1990)("The case law is clear in holding that damages claims for loss of anticipated profits are generally 'too remote, consequential and speculative' from any breach that may have occurred to be recoverable as a matter of law.")(quoting Rhen v. United States, 17 Cl. Ct. 140, 143-44 (1989)); Malissa Co., Inc. v. United States, 11 Cl.Ct. 389, 391-92 (1986).

As the Government previously asserted, the anticipated lost profits demanded in this case are especially speculative and remote because COBI is seeking lost profits for a fifty-year renewal that the Government was not even obligated to execute.

In addition, COBI identifies no provision in the lease that obligates the Government to pay anticipated lost profits in the event of the Government's breach. Indeed, no such provision exists. Accordingly, this Court should dismiss COBI's claims for anticipated lost profits.

CONCLUSION

For these reasons, the United States respectfully requests that this Court dismiss COBI's complaint for failure to state a claim upon which relief can be granted. Alternatively, we respectfully request that the Court enter judgment in favor of the Government as a matter of law.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Mark A. Melnick by Donald E. Kinner
MARK A. MELNICK
Assistant Director

OF COUNSEL:

PAULA LEE
Office of the Solicitor
Department of the Interior
Pacific Southwest Region
1111 Jackson Street, Ste. 735
Oakland, California 94607

s/Marla T. Conneely
MARLA T. CONNEELY
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street
Washington, D.C. 20530
tel: (202) 307-1011
fax: (202) 307-0972

August 8, 2006

Attorneys for Defendant