# UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| **CALIFORNIA OREGON BROADCASTING, INC.,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**UNITED STATES OF AMERICA,**<br><br>**Defendant.** | **No. 06-CV-00116-NBF**<br><br>**Plaintiff California Oregon Broadcasting, Inc.'s Preliminary Summary of Damages**<br><br>**ELECTRONICALLY FILED: 10/20/2006** |

Pursuant to the Court's Order of October 18, 2006, plaintiff California Oregon Broadcasting, Inc. (COBi) submits an updated summary of damages.

As a preliminary matter, COBi notes that it is not yet in a position to state with certainty its damages amount. COBi anticipated that damages would continue to be uncertain for some time pending the completion of certain actions by the Government and the reaction to them by COBi's current sub-lessees. It is in part for this reason that COBi did not request summary judgment as to the amount of damages. Those uncertainties remain. For example, although the Government has required all parties with a presence at Shasta Bally to submit right of way permit applications, it has made no determination as to the fees which it will charge for such permits. Further, while the Government has informed parties that they will be charged a variety of expenses, there have not yet been final determinations as to the assessments for most of those expenses. Despite these continuing uncertainties, COBi is able to provide the Court with more specificity concerning damages than was included in the Complaint.

COBi's damages are in three categories:



252830.1

**1. Lost Net Proceeds From Rental Income**

COBi will lose significant net rental income if the Government persists in its breach of the lease agreement. As of the expiration of the initial term of the lease, COBi was receiving $138,750.20 a year in rental income from its subtenants at Shasta Bally. A summary of that income is Attachment 1 to this submission. These amounts were paid for a combination of rental for space occupied by sub-lessee owned towers on the Shasta Bally site, rental for space for sub-lessee owned equipment on towers owned by COBi on the site, and space in other COBi facilities on site. COBi's net income was the difference between this yearly rental income and its yearly rent payment to the Government of $2,500. In the most recent year that difference was $136,250.20. When certain other expenses for power and maintenance are considered, COBi's net income was $129,610.

In the future, as a result of the Government breach, COBi will be damaged to the extent its future net income is reduced. COBi believes that there is a significant possibility that its net rental income at the Shasta Bally site will be eliminated entirely for each year in the 50 year term of the lease option, although that cannot yet be determined with certainty. In any case, the amount of the net income is certain to be reduced substantially in amounts which will be able to estimated with more specificity in future months.

In order to determine the amount of COBi's reduced rental net income as a result of the Government's breach, it will be necessary to calculate both what COBi's rental cost would have been in the option period and the extent to which its rental income from subtenants will be reduced. As to COBi's rental cost, under the terms of paragraph 10 of the Lease (Exhibit 2 to the Declaration of Patricia C. Smullin filed in support of COBi's Motion

for Partial Summary Judgment), if the Lessee exercised its option, the parties were to agree on a new rental amount. Pursuant to the terms of the Lease, COBi made a proposal for that revised rent. COBi compared rates charged for similar facilities by the Bureau of Land Management in order to establish the proposed rent for the first year of the option period. That amount would have been $19,241.06 for 2006. COBi also proposed that the amount be escalated each year for the remainder of the 50 year option period by the increase in the Consumer Price Index for that year.

The Government never made any counter-proposal as to what the rent should be. COBi believes that its offer was fair, and consistent with the original intent of the parties, and should be used in any damage calculation as the likely rental cost to COBi.

It is not possible yet to determine exactly what the reduction in the COBI rental income will be other than to be certain that it will be substantial. Some sub-lessees are already leaving the site. For example 10 of the 20 radio users who have been tenants on one of the COBi towers as part of the Global Signal contract have given notice of intent to withdraw their transmitters from the tower. The result is that in the future COBi current income for that agreement of $44,000 will be at least halved.

The majority of the sub-lessees have told COBi that they are waiting for the result of this litigation and for the Government's determination concerning the fees it will charge each of them for right of way permits and other expenses. Whatever decisions the Government makes, the result is certain to be a substantial reduction in COBi's rental income. Some additional tenants are likely to leave. Those tenants who remain will clearly insist on a reduction in their rent to account for the amount which they will be assessed by the Government for use permits and other expenses.

COBi's best estimate at this time is that it will lose at least 60 percent and more likely closer to 90 percent of its rental income from sub-lessees as a result of the Government's breach. The final number will not be known until the Government assesses right of way fees and expenses, and until the sub-lessees react to those assessments. If COBi were to lose even 80% of its rental income, then its yearly net income from the site would be zero if it is assumed that COBi's yearly rental cost would have been the $19,241.06 offered by COBi. Under these assumptions COBi's damages for lost rental would be more than $110,000 a year, or in excess of $5 million in 2006 dollars, since the yearly loss will be repeated for each year of the lease option's 50 year term.

**2. Assessed expenses**

The second category of damages for COBi are expenses which the Government has already and will in the future assess against COBi for its presence on the Shasta Bally mountain top. The Government has already required COBi to pay $16,500 as its share of the cost of a NEPA analysis and of the National Park Services' administration of the site. COBi was informed that payment of this amount was a condition for consideration of its application for a right of way permit for the site. The Government has stated it will require such a right of way permit and payment of the accompanying fee, from every holder of an FCC license, like COBi and each of its sub-lessees, using the site. In addition, the Government has identified certain other expenses which it will assess from COBi and other tenants. Some, but not all of these expenses, have been estimated but none has been finally determined. The anticipated expenses include:

a. Most significantly, the annual right of way fee for operation on the site for which no estimate has been given.

b. Costs of monitoring construction, operation, maintenance and termination of facilities, estimated at $8000 through the permitting process only.

c. Proportional share of the National Park Service appraisal fee estimated to be $20,000.

d. Annual road maintenance costs to be shared among tenants proportionately and estimated at $17,240 for the first year.

While the amount of these damages is currently uncertain, if the Government continues on its present course, they should all be reduced to a definite amount and billed to COBi and its sub-lessees for at least the first year sometime in the next few months. In any case, COBi's position is that the Court should declare that, because COBi is the holder of a vested property right in the Shasta Bally mountain top which preceded the Government acquisition of the site, the Government has no right to assess any of these fees and expenses against COBi.

**3. Attorneys Fees**

Paragraph 9 of the lease provides that for recovery of attorneys fees by a non-defaulting party if it is required to institute any legal action to enforce the terms of the lease. The Government as the successor in interest to the original lessor is bound by these terms.

Through September 30, 2006 COBi has incurred $82,136.99 in attorneys fees in this litigation to enforce the terms of the lease in light of the Government's breach.

Dated: October 20, 2006

Respectfully submitted,

NEIL H. O'DONNELL
ROGERS JOSEPH O'DONNELL & PHILLIPS
311 California Street
San Francisco, CA 94104
Tele. (415) 956-2828
Fax (415) 956-6457

Attorneys for Plaintiff California Oregon Broadcasting, Inc.

CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of October, 2006, a copy of the foregoing "Plaintiff California Oregon Broadcasting, Inc.'s Motion to Expedite Ruling on Cross-Motions for Summary Judgment and Motion for Hearing" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

# ATTACHMENT 1

| SHASTA BALLY - RENT SUMMARY | | | |
|---|---|---|---|
| | | | |
| As of October 2006 | | | |
| | | CURRENT | CURRENT |
| RENTER | SERVICE | MONTHLY | ANNUAL |
| | | | |
| COBi | Site Manager / MW | | |
| California Broadcasting (KRCR-TV) | TV Station - Commercial | | $ 625.00 |
| No. CA Ed. TV Assoc. (KIXE-TV) | TV Station - Public | $ 1.00 | $ 12.00 |
| Siskiyou Telephone | MW Relay | $ 890.74 | $ 10,688.88 |
| Verizon | Cellular | $ 1,796.95 | $ 21,563.40 |
| Global Signal (ex-Pinnacle Towers) | CMRS | $ 3,700.00 | $ 44,400.00 |
| Cal State Univ., Chico (KCHO-FM) | FM Radio Station | $ 1,238.79 | $ 14,865.48 |
| Com-Pair Services (ex-Repco) | CMRS | $ 314.91 | $ 3,778.92 |
| Results Radio (KNCQ_FM) | FM Radio Station | $ 800.88 | $ 9,610.56 |
| Results Radio (KHRD-FM) | FM Radio Station | $ 418.66 | $ 5,023.92 |
| CSN International | FM Radio Translator | $ 387.38 | $ 4,648.56 |
| Pacific Microwave Joint Venture | MW Relay | $ 1,661.04 | $ 19,932.48 |
| Cal-North ** | MW Relay | $ 300.00 | $ 3,600.00 |
| American Red Cross Disaster Services | Amateur Radio | $ - | $ 1.00 |
| Ted Spieltof (KRCR employee) | Amateur Radio | $ - | $ - |
| | | | |
| | TOTAL RENT: | $ 11,509.35 | **$ 138,750.20** |
| | | | |
| **CURRENT RENT PAID TO NPS UNDER LEASE:** | | | **$ 2,500.00** |